UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------x

UNITED STATES OF AMERICA

                v.                                                  12-Cr. 1224 (CS)

ADEM ARICI and MARC VERZANI

             Defendants

------------------------------------------------------------x

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT ADEM ARICI'S MOTION FOR A BILL OF PARTICULARS PURSUANT TO RULES 7(f) AND 16(a)(1)(E)(i), FEDERAL RULES OF CRIMINAL PROCEDURE**

**Statement of the Facts**

       On March 21, 2012, defendant requested the following particulars pursuant to Rule 7(f), Federal Rules of Criminal Procedure:

        (a) Describe each transaction in which Arici engaged with a Cuban national, including the identity of the Cuban national, the benefit given and the benefit received by every party to the transaction.

        (b) Describe the nature of each such transaction, including the identity of the Cuban national and the nature of his or her interest.

        (c) Describe the manner in which each transaction had the purpose or effect of avoiding the prohibitions set forth in the cited regulations.

(See, Declaration of Jared J. Scharf at Exhibit A.)

       The government responded to this request by letter dated March 28, 2012. Id. at Exhibit C. The government failed to make a responsive answer to defendant Arici's

requests contained in the March 21, 2012 request for particulars.[1] The government merely parroted general allegations contained in the indictment. Moreover, the government failed to object to the requests.

Defendant renewed his request for particulars in a letter to the government's attorney dated March 28, 2012. (Id. at Exhibit D.)

The government still has not provided particular responses to requests defendant made by letters dated March 21 and March 28.

---

[1] Defendant Marc Verzani submitted a particulars request to the government on March 2, 2012. The government's March 28, 2012 response purported to respond to both counsels' requests.

## ARGUMENT

### DEFENDANT IS ENTITLED TO RECEIVE THE PARTICULARS HE REQUESTED MARCH 21, 2012 AS THEY ARE MATERIAL TO THE PREPARATION OF THE DEFENSE, AND THE GOVERNMENT HAS FAILED TO RAISE ANY OBJECTION TO THEIR PRODUCTION

Rule 7 (f) of the Federal Rules of Criminal Procedure states that the defendant may move for a bill of particulars before or within 14 days after arraignment or at a later time if the court permits.

Rule 16(a)(1)(E)(i) of the Federal Rules of Criminal Procedure requires the government to permit a defendant to inspect and to copy or photograph documents within the government's possession, custody or control if the item is material to preparing the defense.

The items requested in the March 21, 2012 request for particulars are material to preparing the defense and are presumably within the government's possession, custody or control. The particulars requests were derived directly from the allegations contained in the Superceding Indictment. The government has not stated that these items are not in its possession, custody or control.

In *United States* v. *Stevens*, 985 F.2d 1175 (2d Cir. 1993), the court held, "Evidence that the government does not intend to use in its case in chief is material if it could be used to counter the government's case or bolster the defense." 985 F.2d at 1180.

Count One of the Superceding Indictment charges defendant Adem Arici with conspiring with others to violate regulations promulgated under the Trading With the

Enemy Act "by engaging in prohibited transactions in which a Cuban national has an interest and engaging in transactions for the purpose of and having the effect of avoiding the prohibitions set forth in" the Code of Federal Regulations.  Count Two charges that defendant Arici "willfully and knowingly violated regulations … , to wit, without having obtained a license to travel to Cuba, Arici engaged in prohibited transactions in which a Cuban national has an interest and engaged in transactions for the purpose of and having the effect of avoiding the prohibitions set forth in" the Code of Federal Regulations.

In order to prepare his defense to the foregoing charges, Arici needs from the government the items described above.

The government has neither objected to these requests nor stated that it does not have in its possession, custody or control the requested information.  The government simply evades making a thorough and particular response to the requests.

## CONCLUSION

Based upon the foregoing, defendant respectfully requests that the Court grant his motion for a bill of particulars by directing the government to make particular responses to his requests as they are material to the preparation of his defense as set forth in Rule 16(a)(1)(E)(i).

Respectfully submitted,

Jared J. Scharf
1025 Westchester Avenue
Suite 305
White Plains, New York 10604
914-682-9777
Attorney for Defendant Adem Arici

Dated:   White Plains, New York
         April 17, 2012